UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:15-cr-124-TWP-DML-01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ANDREW HERNANDEZ | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-00124-TWP-DML |
| | ) | |
| ANDREW HERNANDEZ, | ) -01 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Andrew Hernandez requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Hernandez's motions are **denied**.

### I. Background

In 2016, Mr. Hernandez pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, and 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkts. 84, 85. According to the presentence investigation report, Mr. Hernandez was a leader of a large-scale methamphetamine and fentanyl trafficking organization. Dkt. 80. The Court sentenced Mr. Hernandez to 188 months of imprisonment and 5 years of supervised release. Dkts. 84, 85.

In December 2020, Mr. Hernandez filed a pro se motion for compassionate release. Dkt. 185. The Court appointed counsel to represent Mr. Hernandez, but counsel withdrew before filing any substantive submissions on his behalf. Dkts. 186, 192, 193. The Court ordered Mr. Hernandez to supplement his motion pro se, which he did. Dkts. 193, 196. In his submissions, Mr. Hernandez argues that his health conditions (diabetes, high blood pressure, high cholesterol, obesity, prostatism, eye/vision problems, lower back complications, hyperlipemia, cholecystectomy, and

prior amputations due to infection) place him at risk of serious illness or death should he contract COVID-19 again.[1] Dkt. 185 at 1; dkt. 196 at 4. Mr. Hernandez states that he declined the COVID-19 vaccine when offered because he has "medical concerns, people have died from the COVID-19 vaccines." Dkt. 196 at 5. The United States filed a brief in opposition to the motion, dkt. 198, and Mr. Hernandez did not file a reply. Thus, the motion is now ripe.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Hernandez's reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. The U.S. Court of Appeals for the Seventh Circuit has held that COVID-19 cannot be an extraordinary

---

[1] Mr. Hernandez also raises concerns about the medical care he has received, both before and after several of his toes were amputated. Dkt. 185 at 1-2. However, the issues he raises are properly brought in a civil complaint in his district of confinement and are not extraordinary and compelling reasons to grant him release. *See United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021).

and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at 803. Moreover, the court concluded that "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id.* Here, Mr. Hernandez was offered and declined the vaccine because of medical concerns and because he believes that people have died from receiving the COVID-19 vaccine. But he has not presented any evidence that a medical professional advised him not to receive the vaccine because of a potentially adverse reaction or any evidence to support his fear that the COVID-19 vaccine would cause him to suffer an adverse reaction. The Court need not accept such self-diagnosed skepticism of the vaccine. Mr. Hernandez also has not shown that he cannot benefit from the vaccine.

  Given the determination that Mr. Hernandez has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. Even if he had made such a showing, however, the Court would nevertheless find that Mr. Hernandez is not entitled to compassionate release because the § 3553 factors do not weigh in his favor.[2] While

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to

Mr. Hernandez reports that he has completed many programs in prison and would have a job and the support of family upon his release, Mr. Hernandez was convicted of serious crimes in which he played a significant role and is not scheduled to be released for more than 6 years.

In light of these considerations, the Court finds that releasing Mr. Hernandez now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Hernandez's motions for compassionate release, dkts. [185] and [196], are **denied.**

**IT IS SO ORDERED.**

Date: 6/1/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Distribution:

Andrew Hernandez
Reg. No. 14063-112
Victorville Medium II FCI
PO Box 3850
Adelanto, CA 92301

All Electronically Registered Counsel